UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: | |
| PEGGY MARTINEZ, ET AL.<br>v.<br>AMERICAN HOME PRODUCTS CORPORATION, ET AL | MDL # 02-0144 |
| MARILYN MELDER<br>v.<br>AMERICAN HOME PRODUCTS CORPORATION, ET AL. | MDL # 02-20142 |

**WYETH'S REPLY TO PLAINTIFFS' RESPONSE TO WYETH'S MOTION TO STRIKE PLAINTIFFS MARILYN MELDER'S AND PEGGY MARTINEZ'S EXPERT WITNESSES AND TO BAR PLAINTIFF TEFFERNY PEREZ FROM <u>DESIGNATING AN EXPERT</u>**

Defendant Wyeth respectfully submits the following in reply to plaintiffs' Response to Wyeth's Motion to Strike Plaintiffs Marilyn Melder's and Peggy Martinez's Expert Witnesses and to bar Plaintiff Tefferny Perez from Designating an Expert (hereinafter "Motion to Strike" and "Response"):

Plaintiffs have submitted, over a month late, their opposition to Wyeth's motion to strike their expert witnesses for failure to comply with this Court's scheduling orders. As an initial matter, the Court should decline to consider plaintiffs' tardy Response and grant as unopposed Wyeth's Motion to Strike. Even if the Court elects to consider the Response, Wyeth's Motion to Strike should be granted because plaintiffs Martinez and

1

Melder still have not provided adequate Rule 26 reports, and all plaintiffs' attempts to cure their deficiencies have come too late.

### A. Wyeth's Motion to Strike Should be Granted as Unopposed.

Pursuant to Local Rule of Civil Procedure 7.1(c), a motion may be granted as unopposed if no timely opposition is filed. Also pursuant to Local Rule 7.1 (c), a party opposing a motion must submit an opposition brief within fourteen days of the filing of the motion. Wyeth's Motion to Strike was filed on December 9, 2003, and plaintiffs did not file any response until *two months* later, on February 9, 2004.[1] Plaintiffs offer no explanation for their continuing failure to comply with this Court's deadlines, and no argument as to why their untimely opposition should be considered. This Court should accordingly decline to consider plaintiffs' Response and grant Wyeth's Motion to Strike as unopposed.[2]

### B. Wyeth's Motion to Strike Should be Granted Even if the Court Elects to Consider Plaintiffs' Untimely Response.

Wyeth explained in its Motion to Strike that, under this Court's decision in *Sheppard v. Glock, Inc.*, 176 F.R.D. 471 (E.D. Penn. 1997) (J. Bartle), all plaintiffs' experts should be excluded due to plaintiffs' failure to produce timely Rule 26-compliant expert reports. Plaintiffs respond by arguing that their experts should not be excluded because they "quickly resolved" the deficiencies in their expert reports, and that *Sheppard* does not apply under the facts of this case. As explained below, these

---

[1] On January 23, 2004, Wyeth sent a letter to Special Master Miller requesting that its Motion to Strike be granted as unopposed because plaintiffs had filed no timely response. *See* Exhibit 1.

[2] As noted, plaintiffs have offered no argument in support of the consideration of their untimely Response. If they did make such an argument, plaintiffs would have to establish that their failure to file a timely opposition was the result of excusable neglect. *See*, *e.g.*, *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 533 (E.D. Pa. 1993) ("the court may exercise its discretion to accept motion papers filed

arguments are demonstrably false, and Wyeth's motion to strike should accordingly be granted.

### 1. *Plaintiffs did not "quickly resolve" the deficiencies in their expert reports.*

Plaintiffs claim that Wyeth's Motion to Strike "is moot and is wasteful of this Honorable Court's time, as all issues were quickly resolved." Response at 3. However, plaintiffs Martinez and Melder have still not resolved the deficiencies in their expert reports, and no plaintiff "quickly" resolved any issue. Indeed, Martinez still has not even attempted to cure the deficiencies in her report, Melder did not produce her (still deficient) supplemental report until January 30, 2004, and Perez did not produce *any* designation or report until that date.[3] Thus even if all three plaintiffs had cured the deficiencies in their reports on January 30 (which Melder and Martinez did not), exclusion of their experts would still be warranted because their attempts at compliance have come too late.

As Wyeth explained in its Memorandum, Martinez's expert report is deficient because it does not contain the basic information (like the expert's curriculum vitae, fee, previous publications, etc.) required by F.R.C.P. 26, or an opinion that Wyeth's product caused plaintiff's alleged injuries. *See* Memorandum at 3-4. Martinez has not produced any supplemental report or otherwise attempted to cure those deficiencies.

Melder's original expert report was deficient because, although it did contain the basic background information required by Rule 26, it did not include any opinion on causation. *See id.* Melder's expert, Dr. Lasala, has attempted to cure this deficiency with

---

outside the established time period where such failure was the result of excusable neglect"). There is no evidence of excusable neglect here.

[3] As Wyeth explained in its Memorandum in Support of Motion to Strike ("Memorandum"), plaintiffs' expert reports were originally due in November of *2002*. *See* Memorandum at 2. It was only through

the following statement in his supplemental report: "[i]t is also my opinion that the aortic regurgitation measured by echocardiogram on Ms. Melder in January 1998 *could* be secondary to anorexic drugs."  *See* Response Exhibit 2 at 2 (emphasis added).  This apparent attempt at a causation opinion is inadequate because it is settled law in Louisiana,[4] as elsewhere, that causation must be proved by a preponderance of the evidence.  *See Hutchinson v. Shah*, 648 So.2d 451, 452 (La. App. 1st Cir. 1994) ("[a] plaintiff in a tort action must prove every essential element of his case, including medical causation, by a preponderance of the evidence") (citations omitted); *see also Kelly v. West Cash & Carry Building Materials Store*, 743 So.2d 743, 759 (La. App. 4th Cir. 1999) ("[i]t takes more than the existence of a mere possibility to prove a fact by the preponderance of the evidence").  Dr. Lasala's opinion that anorexic drugs *could* have caused Melder's alleged injuries is accordingly insufficient.

When Wyeth filed its Motion to Strike, Perez had designated no expert, and produced no expert report.  *See* Memorandum at 3-4.  She submitted a "supplemental" report by Dr. Lasala on January 30, 2004.  This report does contain a causation opinion, and, although it does not include the background information required by Rule 26, Wyeth is aware of this information about Dr. Lasala through Martinez's report.  However, it should be noted that Wyeth did not receive any of this information, or indeed even become aware of the identity of Perez's expert, until four months after the designation and report were due.  *See* Memorandum at 2 (noting that plaintiffs' expert reports were due September 30, 2003).

---

stipulation of the parties and order of Special Master Miller that plaintiffs were granted an extension until September 30, 2003.  *Id*.  Plaintiffs have thus had well over a year to prepare adequate expert reports.
[4] These cases were both filed in Louisiana.

4

Thus, even in light of the fact that Perez has finally produced a Rule 26-compliant report (and even if Martinez and Melder had cured the deficiencies in their reports), Wyeth's Motion to Strike should still be granted due to plaintiffs' failure to timely submit Rule 26 compliant expert reports. In *Sheppard*, Judge Bartle found that the plaintiffs' experts were properly stricken for their failure to submit timely expert reports even though the plaintiffs had produced a tardy expert report:

> Plaintiffs' counsel counters that he negated any prejudice by identifying all of plaintiffs' experts on March 31, and providing plaintiffs' liability expert report on April 8, 1997. We are not convinced. *Eventual production is not the same as timely production.* [*Inter alia*,] defendant's ability to have their own liability expert present a cogent report by March 31 was negated, not merely prejudiced, by the untimely actions of plaintiffs' attorney.

*Sheppard*, 176 F.R.D. at 474 (emphasis added). The plaintiffs in S*heppard* produced their expert report a little over a month after it was due. *See id*. Here, plaintiffs finally produced their supplemental expert reports *four months* after they were due. And, as in *Sheppard*, Wyeth's ability to timely prepare its own expert reports has been negated by plaintiffs' dilatoriness. Thus, as in S*heppard*, exclusion of plaintiffs' experts would be warranted even if, by submitting their new reports, each plaintiff had finally produced an adequate expert report.

### 2. *Sheppard mandates exclusion of plaintiffs' experts.*

Plaintiffs Martinez and Melder argue that *Sheppard* is inapplicable to the facts of this case because they filed timely (though deficient) expert reports. *See* Response at 1-2 & 5. However, Martinez and Melder concede that they did not file their expert reports until October 22, 2003, *see* Response at 1 & 5, when the (previously extended) deadline for submission of their reports was September 30, 2003, *see* Memorandum at 2 and

5

Exhibit 2 thereto. Plaintiffs' only explanation as to how this constitutes timely production is their unsupported claim that the reports were produced over three weeks late "upon agreement between Rebecca M. Urrutia, for plaintiffs, and Keri L. Howe, for Wyeth, as to the date for submission." Response at 1. Plaintiffs have offered no documentation for this alleged agreement, and its existence is belied by an October 14, 2003 letter from Ms. Howe to Ms. Urrutia, in which Ms. Howe noted the tardiness of the reports and requested that plaintiffs "please produce them immediately as we cannot prepare our own reports until you do so." *See* Memorandum Exhibit 3. The day after Ms. Howe sent the October 14th letter, the Special Master's office contacted Arnold & Porter with respect to these cases and suggested that Ms. Howe contact Ms. Urrutia to inquire about the production of plaintiffs' delinquent reports. In accordance with this suggestion, Ms. Howe contacted Ms. Urrutia by telephone, which is when Ms. Urrutia informed Ms. Howe that plaintiffs would produce their reports by October 23, 2003. Ms. Urrutia's statement that she would produce plaintiffs reports on October 23, 2003 -- well beyond the deadline and only after being contacted by Ms. Howe at the suggestion of the Special Master's office -- in no way constitutes an "agreement" by Wyeth or a waiver of any argument regarding plaintiffs' failure to comply with Special Master Miller's scheduling order. Moreover, even if Wyeth had agreed to overlook the untimeliness of plaintiffs' reports, which it did not, it by no means agreed to accept expert reports that, like plaintiffs', utterly failed to comply with the requirements of Rule 26.

   Plaintiffs also argue that exclusion is not warranted under *Sheppard* because Wyeth has not been prejudiced. *See, e.g.*, Response, at 2. However, as Wyeth explained in its Memorandum, plaintiffs' failure to abide by the Court's deadlines has prejudiced

6

Wyeth for precisely the reasons this Court found that the plaintiffs' failure to timely submit an expert report prejudiced the defendant in *Sheppard*. *See* Memorandum at 8. Among other things, Wyeth noted that it had been prejudiced by being forced to undertake the expense of filing its Motion to Strike. This prejudice has been compounded by plaintiffs' Response, which has forced Wyeth to undertake the expense of drafting and filing yet another brief to try to force plaintiffs to comply with the Court's orders and plaintiffs' obligations under the Federal Rules. As noted, this Court has previously found that "eventual production" does not negate the prejudice caused by dilatory conduct like plaintiffs' here. *Sheppard*, 176 F.R.D. at 474.

Finally, plaintiffs attempt to obscure the issue of their bad faith in this case by accusing Wyeth of contacting Martinez's expert, Dr. Falterman, in violation of an agreement in another case between Wyeth and plaintiffs' counsel that Wyeth would not directly contact another plaintiff's experts. *See* Response at 5. In addition to being wholly irrelevant to the issue under consideration here, this argument is frivolous. Plaintiffs have neglected to inform the Court that, due to their own failure to identify their experts, Wyeth was unaware of the fact that Dr. Falterman was one of plaintiffs' experts when it originally contacted him.[5] Plaintiffs also neglect to inform the Court that the agreement Wyeth allegedly breached was made in a different case in Louisiana state court, and not in this case. *See* Exhibit 2, July 28, 2003 Letter from David Neslin to Buffy Martines memorializing agreement in *Gatlin v. Wyeth*. Moreover, any contact between Wyeth and Dr. Falterman cannot alter the fact that, as explained in Wyeth's

---

[5] Because plaintiffs had not informed it otherwise, Wyeth believed that Dr. Falterman was merely one Martinez's treating physicians, and that there was accordingly no prohibition against direct contact for purposes of scheduling a deposition and collecting medical records.

7

Memorandum, plaintiffs' counsel are well aware of this Court's deadlines and have chosen to ignore them, thus demonstrating bad faith. *See* Memorandum at 7.

Because plaintiffs here, as in *Sheppard*, failed to timely submit their expert reports, and because the same factors as in *Sheppard* favor exclusion here, this Court should follow its decision in *Sheppard* and strike plaintiffs' experts.[6]

---

[6] Because Perez has now designated an expert, Wyeth respectfully requests that its motion to bar her from designating an expert be treated as a motion to strike her expert.

8

## CONCLUSION

For the reasons set forth above, as well as the reasons set forth in Wyeth's Motion to strike, Wyeth respectfully requests that the Court strike plaintiffs' expert witnesses.

    Respectfully submitted,

Peter L. Zimroth
Keri L. Howe
ARNOLD & PORTER
399 Park Avenue
New York, NY  10022
(212) 715-1010

David Neslin
Andrew Myers
ARNOLD & PORTER
370 Seventeenth Street
Suite 4500
Denver, Co 80202

"s"/Caroline A. Flotron
Michael T. Scott
Paul B. Kerrigan
Caroline Flotron
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8248

*Attorneys for Defendant Wyeth*

Dated:	February 23, 2004

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Wyeth's Reply to Plaintiffs' Response to Wyeth's Motion to Strike Plaintiffs Marilyn Melder's and Peggy Martinez's Expert Witnesses and to Bar Plaintiff Tefferny Perez from Designating an Expert was served this 23rd day of February, 2004, by overnight mail upon the following:

Robert G. Harvey, Sr., Esq.,
Harvey Jacobson & Glago, APLC
2609 Canal Street, Fifth Floor
New Orleans, LA 70119

Richard N. Laminack, Esq.
Buffy Martines
O'Quinn, Laminack & Pirtle
440 Louisiana, Suite 2400
Houston, TX 77002

Darleen Jacobs, Esq. Jacobs & Sarrat
823 St. Louis Street
New Orleans, LA 70112

Susan Earnest, Esq.
Diet Drugs Litigation
2752 Canal Street
New Orleans, LA 70119

and upon all others required to be served in accordance with PTO No. 19, by first class mail postage prepaid.

"s"/Caroline A. Flotron
Caroline A. Flotron